**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN D.,**

                                        **Plaintiff,**

        **vs.**
                                                        **6:20-CV-1143**
                                                        **(MAD/DEP)**

**COMMISSIONER OF SOCIAL SECURITY,**

                                **Defendant.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**OLINSKY LAW GROUP**                   **MELISSA A. DELGUERCIO, ESQ.**
250 South Clinton Street, Suite 210     **HOWARD D. OLINSKY, ESQ.**
Syracuse, NY 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**      **LOUIS JOHN GEORGE, ESQ.**
J.F.K. Federal Building, Room 625       **NICOLE BOUDREAU, ESQ.**
15 New Sudbury Street
Boston, MA 02203
Attorneys for Defendant


**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

        Plaintiff, John Everett Doyle, commenced this action on September 18, 2020, seeking

review of the Commissioner of Social Security's decision denying his application for Disability

Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). _See_ Dkt. No. 1. On April

18, 2017, Plaintiff filed an application for DIB and SSI, alleging an onset date of January 31,

2010. _See_ Administrative Transcript ("Tr.") at 214. Plaintiff's application was denied based on

the determination that he was not disabled at the relevant times, rendering him ineligible for benefits. *See* Tr. at 81, 85-86. Plaintiff then filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). *See id.* at 87-8. On March 5, 2019, a hearing was held before ALJ Elizabeth Koennecke. *See id.* at 29-50. On August 7, 2019, ALJ Koennecke issued a decision denying Plaintiff's application. *See id.* at 6-25. On August 9, 2019, Plaintiff's subsequently submitted a request for review by the Social Security Appeals Council, which was denied on July 16, 2020. *See id.* at 1-5.

On September 18, 2020, Plaintiff commenced this action challenging the ALJ's unfavorable decision and the parties subsequently cross-moved for judgment on the pleadings. *See* Dkt. Nos. 18, 21. Plaintiff contended that the ALJ's residual functional capacity ("RFC") is not supported by substantial evidence because the ALJ did not properly consider the opinions of therapist Kaitlyn LaPolla. *See* Dkt. No. 18 at 1. Defendant claimed that substantial evidence in the record supports the ALJ's RFC determination and that the ALJ's evaluation complies with the regulations. *See* Dkt. No. 21 at 7.

On April 21, 2022, Magistrate Judge David E. Peebles issued a Report and Recommendation recommending that the Court affirm the ALJ's decision and Commissioner's determination of not disabled. *See* Dkt. No. 25. On May 3, 2022, Plaintiff filed an objection to Magistrate Judge Peebles' Report and Recommendation, to which Defendant responded on May 16, 2022. *See* Dkt. Nos. 26, 27.

## II. BACKGROUND

For a complete recitation of the relevant factual background, the parties are referred to the Report and Recommendation of Magistrate Judge Peebles. *See* Dkt. No. 25.

## III. DISCUSSION

**A.      Standard of Review**

*1.  Substantial Evidence*

When reviewing a final decision of the Social Security Commissioner under 42 U.S.C. § §

405(g) and 1383(c)(3), the Court does not consider the case *de novo*.  *See* 42 U.S.C. §§ 405(g),

1383(c)(3); *Wagner v. Sec'y of Health and Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).

Instead, the Court examines solely the Administrative Transcript to ensure proper application of

legal standards by the ALJ in her decision and whether substantial evidence in the record supports

that decision.  *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d

496, 501 (2d Cir. 1998).  Substantial evidence is evidence that is "more than a mere scintilla" and

is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  When substantial evidence

supports the ALJ's findings, the Court is limited to a "very deferential" standard of review and

must affirm the decision.  *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012).

Furthermore, "where application of the correct legal principles to the record could lead to only

one conclusion, there is no need to require agency reconsideration." *Johnson v. Bowen*, 817 F.2d

983, 986 (2d Cir. 1987).

*2.  Standard to Determine Disability*

A person is disabled when he is unable "to engage in substantial activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12 months."

42 U.S.C. § 423(d)(1)(A).  Furthermore, a claimant's physical or mental impairment must be of

"such severity" that

> he is not only unable to do his previous work but cannot,
> considering his age, education, and work experience, engage in any
> other kind of substantial gainful work which exists in the national
> economy, regardless of whether such work exists in the immediate
> area in which he lives, or whether a specific job vacancy exists for
> him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).  There is a five-step analysis to evaluate disability claims:

> First, the [ALJ] considers whether the claimant is currently engaged
> in substantial gainful activity.  If he is not, the [ALJ] next considers
> whether the claimant has a "severe impairment" which significantly
> limits his physical or mental ability to do basic work activities.  If
> the claimant suffers such an impairment, the third inquiry is
> whether, based solely on medical evidence, the claimant has an
> impairment which is listed in Appendix 1 of the regulations.  If the
> claimant has such an impairment, the [ALJ] will consider him
> disabled without considering vocational factors such as age,
> education, and work experience; the [ALJ] presumes that a claimant
> who is afflicted with a "listed" impairment is unable to perform
> substantial gainful activity.  Assuming the claimant does not have a
> listed impairment, the fourth inquiry is whether, despite the
> claimant's severe impairment, he has the residual functional
> capacity to perform his past work.  Finally, if the claimant is unable
> to perform his past work, the [ALJ] then determines whether there
> is other work which the claimant could perform. . . .  [T]he claimant
> bears the burden of proof as to the first four steps, while the
> [agency] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

In the third step, a determination of disability is first considered based solely on medical

evidence provided by opinions of medical experts.  20 C.F.R. § 404.1520c(a).  When considering

medical opinions, the ALJ determines the level of persuasion of the opinions as well as articulates

how that determination was made.  20 C.F.R. § 404.1520c(a).  The two most important factors in

determining the persuasiveness of a medical opinion are supportability and consistency.  20

C.F.R. § 404.1520c(b)(2).  The supportability factor states that "[t]he more relevant the objective

medical evidence and supporting explanations presented by a medical source are to support his or

her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1).  The consistency factor states that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).  Furthermore, the regulation allows for factors (3)-(5) to be considered, though not requiring their use unless two or more equally well-supported and consistent persuasive medical opinions deviate and must be differentiated.  20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 404.1520c(b)(3).  These other factors include relationship with the claimant, specialization of the medical professional, and other factors.  20 C.F.R. § 404.1520c(c)(3)-(5).  If an ALJ considers factors in paragraphs (c)(3) through (c)(5), she is not required to explain how she considered such factors when articulating how she considered the medical opinions in the case record.  20 C.F.R. § 404.1520c(b)(2).

**B.     The ALJ's Decision**

At the first step of the evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 18, 2017.  Tr. at 12.  At step two, the ALJ found that Plaintiff suffers from a severe mental impairment, variously characterized, that causes more than minimal limitations on Plaintiff's ability to perform basic work activities.  *Id*.

At step three, based on the medical opinions, the ALJ found that Plaintiff's conditions neither meet nor medically equal the severity of any of the presumptively listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).  *Id.* at 13.  Additionally, the ALJ found that Plaintiff has the RFC to perform a full range of work at all exertional levels with the following limitations:

> [Plaintiff] retains the ability to understand and follow simple and
> semi-skilled instructions and directions; perform simple and semi-
> skilled tasks independently; and maintain attention/concentration
> for simple and semi-skilled tasks.  The claimant can regularly attend
> to a routine and maintain a schedule.  He can relate to and interact
> appropriately with others to the extent necessary to carry out simple
> and semi-skilled tasks.  Finally, he can handle work-related stress,
> in that he can make occasional decisions directly related to the
> performance of simple and semi-skilled tasks.

*Id.* at 14.  At step four, the ALJ found that Plaintiff had no past relevant work to consider.  *Id.* at

17.  At step five, given Plaintiff's age, education, work experience, and RFC, and in consultation

of a vocational expert, the ALJ concluded that Plaintiff can perform a number of jobs in the

national economy, including janitor, hand packager, and order picker.  *Id.* at 17-18.  For these

reasons, the ALJ concluded that Plaintiff is not disabled, as defined in the Social Security Act.  *Id.*

at 18.

**C.      Plaintiff's Motion and the Report and Recommendation**

Plaintiff challenged the ALJ's unfavorable decision, alleging the ALJ did not adequately

(1) weigh the opinions of treating therapist, LMHC Kaitlyn LaPolla, and (2) articulate how she

considered the supportability of the opinions when forming the RFC determination.  Dkt. No. 18

at 8, 14.

In his Report and Recommendation, Magistrate Judge Peebles concluded that the ALJ's

evaluation of LMHC LaPolla's opinions resulted from proper application of legal standards and

was supported by substantial evidence from the record as a whole.  Dkt. No. 25 at 26-27.

Magistrate Judge Peebles rejected Plaintiff's assertions that the ALJ erred when she concluded

that the opinions were less persuasive because the therapist's medical opinions were issued on

checkbox forms and that supportability was not explicitly addressed.  *Id.* at 16.  Furthermore,

Magistrate Judge Peebles found that LMHC LaPolla's opinions were inconsistent with "both the

other relevant [medical] opinion evidence and the evidence in the record as a whole." *Id.* at 21.

Finding that the ALJ's evaluation of LMHC LaPolla's opinions was indeed supported by

substantial evidence, Magistrate Judge Peebles recommended the ALJ's decision be affirmed, and

Defendant's motion for judgment on the pleadings be granted. *Id.* at 27.

**D.      Plaintiff's Objections to the Report and Recommendation**

In his objections to Magistrate Judge Peebles' Report and Recommendation, Plaintiff

asserts that the ALJ "failed to evaluate the opinion of [his] treating therapist under the rubric of

the new regulations" and, therefore, the ALJ's decision and the Report and Recommendation

should be rejected. Dkt. No. 26 at 1. Plaintiff relies heavily on Magistrate Judge Peebles'

acknowledgement, "[w]here there is reasonable doubt as to whether an ALJ has applied the proper

legal standards, the decision should not be affirmed even though the ultimate conclusion reached

is supported by substantial evidence." Dkt. No. 25 at 8 (citing *Johnson v. Bowen*, 817 F.2d 983,

986 (2d Cir. 1987)). Plaintiff claims that the ALJ's decision is not supported by substantial

evidence because she rejected the therapist's opinions based on their checkbox form, not

substance. Dkt. No. 26 at 2. In charging Magistrate Judge Peebles with conflating the

supportability and consistency factors, Plaintiff contends that Magistrate Judge Peebles "misstates

the relevant standard of review." *Id.* at 3. Moreover, Plaintiff insists that Magistrate Judge

Peebles' explanation of the evidence supporting the ALJ's decision was improper for it was

incumbent on the ALJ to do so. *Id.* at 5-6. Finally, Plaintiff argues that Magistrate Judge Peebles

did not address how the ALJ wrongly considered the factor of professional credentials and

specialization when evaluating LMHC LaPolla's opinions. *Id.* at 6.

**E.      Analysis**

In the instant case, the Court finds that Magistrate Judge Peebles correctly determined that the ALJ's decision was supported by substantial evidence and that Plaintiff's complaint should be dismissed.  The Court disagrees with Plaintiff that the ALJ rejected the checkbox opinions based on their form, but instead concur with Magistrate Judge Peebles that the forms lack substance and supporting evidence.  As Magistrate Judge Peebles correctly noted, LMHC LaPolla's checkbox opinions did not display supporting evidence nor were they supported by evidence in the treatment notes, treatment plans, and treatment summaries generated by LMHC LaPolla.  *See* Dkt. No. 25 at 19.  Magistrate Judge Peebles pointed to the lack of treatment notes for the period prior to April of 2018, a lack of documentation throughout the records from early 2018, and that "her treatment records as a whole show that, despite experiencing some symptoms, plaintiff was generally motivated to help himself and was able to make decisions for himself and his health." Dkt. No. 25 at 20.  Finding a lack of supportability for LMHC LaPolla's opinions, Magistrate Judge Peebles was correct to affirm the ALJ's finding of "less persuasive."

Second, Magistrate Judge Peebles did not conflate the factors of supportability and consistency.  Rather, in efforts to point out the lack of supportability of LMHC LaPolla's determinations, Magistrate Judge Peebles compares the inadequacy of support in the checkbox forms and treatment notes for the therapist's opinions to the comprehensive reports supporting the opinions of other medical consultants like Dr. Sara Long and Dr. T. Bruni.  Dkt. No. 25 at 21-22.

Third, Plaintiff is mistaken when he claims that Magistrate Judge Peebles' explanation of the evidence to support the ALJ's determinations was improper.  The Court's role is to review the entire record for evidence to support the findings of the ALJ, not to review the ALJ's report to find evidence stated properly supporting her conclusions therein.  *Walsh on behalf of S.J.W. v. Comm'r of Soc. Sec.*, No. 1:16CV1413, 2018 WL 1229827, *5 (N.D.N.Y. Mar. 9, 2018) ("It is not

the function of this Court to re-weigh evidence on appeal from a decision of the Commissioner, but rather to determine whether substantial evidence supports the Commissioner's decision"); *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("The court is confined to the limited role of assessing whether the ALJ's decision is supported by substantial evidence") (citing 42 U.S.C. § 405(g)). The Court finds that Magistrate Judge Peebles properly catalogued and explained the supporting evidence to show that the ALJ's evaluation of LMHC LaPolla's opinions was supported by substantial evidence.

Furthermore, Magistrate Judge Peebles' assessment that the evidence cannot support any other finding for LMHC's LaPolla's opinions other than less persuasive is correct. Plaintiff is misguided when he states that this is an instance when a court should reject an ALJ's decision because "there is reasonable doubt" regarding the ALJ's application of proper legal standards. Dkt. No. 26 at 1. As Magistrate Judge Peebles concluded, "there is simply nothing in the record that calls into question [the ALJ's] finding that LMHC's opinions are not particularly persuasive or which requires the incorporation of greater limitations in the RFC." Dkt. No. 25 at 21. Additionally, Magistrate Judge Peebles states in a footnote that the ALJ's sparse discussion of LMCH LaPolla's opinions would not suffice in all cases. *Id.* In cases where other evidence existed that supported the opinion in question, the ALJ would be required to provide a more comprehensive justification for a finding of "less persuasive." *Id.* In this case, however, when compared to the other medical opinions found to be "very persuasive" due to their thoroughness and internally supporting evidence, the Court agrees that LMHC LaPolla's opinions were merely assertions executed on checkbox forms lacking supporting evidence on the forms themselves and in the treatment notes. Tr. at 517-520 (Long), 68-69 (Bruni), 616-17, 664-65, 720-21 (LaPolla). The evidence indicates no other reasonable conclusion other than that LMHC LaPolla's opinions

were less persuasive than those of Dr. Long and Dr. Bruni.  Tr. at 15, 16.

Finally, Magistrate Judge Peebles was not obligated to address Plaintiff's contention that the ALJ erroneously rejected LMHC LaPolla's opinion based on her specialization and professional background.  Plaintiff is incorrect again when he claims that ALJ erred when considering LMHC LaPolla's professional credentials and specialization in her overall evaluation of the therapist's opinions.  Plaintiff inaccurately states that the revised regulations advise that an ALJ can *only* weigh a medical source's professional background and specialization if the ALJ first finds conflicting medical sources equally well-supported and consistent.  20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).  Instead, the regulations state that while the ALJ is not required to articulate factors other than supportability and consistency, she is not barred from considering other factors, including specialization or professional background.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  Likewise, if the ALJ does consider such factors, she is not required to explain them in her decision.  *See id.*  Therefore, Magistrate Judge Peebles was not remiss in ignoring Plaintiff's claims regarding other factors considered by the ALJ.

## IV. CONCLUSION

After carefully considering the entire record in this matter, the parties' submissions, the applicable law, and for the above stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles' April 21, 2022 Report and Recommendation is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that the Commissioner's decision denying benefits is **AFFIRMED**; and the Court further

**ORDERS** that the Plaintiff's motion for judgment on the pleadings (Dkt. No. 18) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's cross-motion for judgment on the pleadings (Dkt. No. 21) is **GRANTED**; and the Court further

**ORDERS** that the Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in the Commissioner's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of the Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 21, 2022
      Albany, New York

Mae A. D'Agostino
U.S. District Judge